PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE HOPKINS, | ) | CASE NO.1:09CV0387 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| EDWARD BANKS, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

## I. Introduction

This Report and Recommendation is written in response to Willie Hopkins' (also "Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; ECF No. 1. Petitioner is currently serving two concurrent five-year sentences imposed following his April 24, 2007 convictions resulting from a jury trial on two counts of felonious assault with repeat violent offender and prior convictions specifications. ECF No. 9-1, Ex. 6.

In his petition, Hopkins raises two grounds for relief. He alleges that (1) his constitutional right to a speedy trial was violated, and (2) he was denied the effective assistance of trial counsel by reason of counsel's failure to request that the trial court instruct the jury on the lesser included offense of felonious assault.

Respondent asserts that Hopkins' first ground for relief should be dismissed as not cognizable in a habeas corpus proceeding. In the event the court decides otherwise, Respondent asserts that the first ground for relief is procedurally defaulted. Respondent further argues that Hopkins' second ground for relief fails on the merits.

(1:09CV0387 )

## II. Factual and Procedural Background

The State appellate court's factual findings shall be presumed correct; petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Brumley v. Wingard*, 269 F. 3d 629, 637 (6th Cir. 2001). The Cuyahoga County Court of Appeals, Eighth Appellate District, found the facts of the underlying offenses established at trial to be as follows, in pertinent part:

> The facts giving rise to the instant case occurred on September 11, 2006 and September 12, 2006, at 12916 Holborn Avenue in Cleveland, Ohio. Hopkins owned the single-family home and rented the bedrooms out on a weekly basis. Beginning in July 2005 and ending approximately one year later, the victim, Kavokia Ellington (Ellington), rented a room at the home.
>
> Hopkins and Ellington became friends and began smoking crack cocaine together. Their relationship became intimate as they continued to smoke crack cocaine together until Ellington moved out approximately one year later.
>
> Ellington continued to visit Hopkins at his home. The weekend of September 10, 2006, Ellington returned and dropped off items for storage at the Holborn home because her father, whom she was living with at the time, was moving. While there, Hopkins and Ellington smoked crack cocaine and repeatedly engaged in sexual intercourse over the course of the weekend.
>
> On Sunday, September 11, 2006, at approximately 8:00 p.m., Hopkins and Ellington had a verbal and physical altercation in which Hopkins stabbed Ellington in the back, piercing her lung. Testimony is divergent as to the cause of the argument and what transpired the rest of the evening.
>
> Hopkins testified that Ellington stole his crack pipe and put it in her pocket because she knew there was more crack inside the pipe to smoke. When Hopkins attempted to take the crack pipe from Ellington, she retrieved pepper spray and a knife to ward off Hopkins. Hopkins tried to keep the knife at bay while retrieving

(1:09CV0387 )

> the crack pipe from her and accidentally stabbed her.
>
> Hopkins further testified that Ellington did not want medical treatment but wanted to smoke more crack cocaine. He concluded that the next morning they had consensual, sexual intercourse.
>
> Ellington testified that Hopkins was jealous over her flirtations with a mutual friend that day and, when she attempted to leave for the evening, Hopkins grabbed her and stabbed her, puncturing her lung. When Ellington attempted to leave a second time, he grabbed her in the hallway and choked her and told her that she could not leave. Hopkins retrieved ice and tended to her stab wound.
>
> The next morning, Ellington testified that Hopkins loosened her pants, threatened to cut her throat, told her to lie still, and raped her vaginally and anally. Ellington then left and went to the hospital.

ECF No. 9-1, Ex. 10 at pp. 2-3.

In his timely direct appeal of his convictions, Hopkins raised the following assignments of error:

> **I.** The trial court erred in not dismissing appellant's case for violation of appellant's constitutional and statutory right to speedy trial.
>
> **II.** Appellant was deprived of effective assistance of counsel where his trial attorney failed to request a jury instruction on a lesser offense, aggravated assault.

ECF No. 9-1, Ex. 8. On July 28, 2008, the State appellate court affirmed the convictions.

Hopkins, *pro se*, timely appealed that ruling to the Supreme Court of Ohio, alleging two propositions of law:

> **Proposition of Law No. I:** Whether the trial court erred in not dismissing appellant's case for violation of appellant's constitutional and statutory right to a speedy trial.
>
> **Proposition of Law No. II:** Whether appellant was deprived of

3

(1:09CV0387 )

>effective assistance of counsel where his trial attorney failed to request a jury instruction on a lesser offense, aggravated assault.

ECF No. 9-1, Ex. 12. On December 31, 2008, the Supreme Court of Ohio denied Hopkins leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF No. 9-1, Ex. 13. No further appeal was taken.

On February 19, 2009, Hopkins filed this petition for writ of habeas corpus alleging the following two claims for relief:

> A. **GROUND ONE:** The trial court erred in not dismissing petitioner's case for violating petitioner's constitutional right to a speedy trial.
>
> **Supporting FACTS:** Over 90 days expired between the time of petitioner's arrest and his trial. In Ohio a defendant must be brought to trial within 270 days. Petitioner was arrested on 9/14/06, and under Ohio 3 for 1 days while a person is in jail in lieu of bail, this amounts to 209 days x 3 days = 627 days.
>
> B. **GROUND TWO:** Petitioner was deprived of effective assistance of counsel where trial counsel failed to request a lesser included offense.
>
> **Supporting FACTS:** At trial, petitioner's trial counsel failed to request an instruction on aggravated assault, O.R.C. 2903.12, a lesser offense of felonious assault. As a result, the jury never considered that the facts might more appropriately prove the lesser offense, aggravated assault, a felony of the 4th degree.

ECF No. 1.

### III. Discussion

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways to qualify for federal review. The relevant gateways and their application to the instant petition are provided below.

(1:09CV0387 )

### A. Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

Hopkins was convicted in the Court of Common Pleas, Cuyahoga County, Ohio within the Northern District of Ohio, and remains incarcerated.[1] The Court, therefore, has jurisdiction over Hopkins' petition.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996 effective date. 28 U.S.C. § 2244(d); *McCray v. Vasbinder,* 499 F.3d 568, 571 (6th Cir. 2007). The provisions of the AEDPA are controlling herein as the instant petition was filed after the Act's effective date. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997).

Hopkins' petition was timely filed in accordance with 28 U.S.C. §2244(d).

---

[1] *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for current status of and basis for Hopkin's incarceration).

(1:09CV0387 )

### C. Cognizability of First Ground for Relief

Respondent contends that Hopkins' first ground for relief is not cognizable in federal habeas corpus and, therefore, must be dismissed. According to Respondent, Hopkins' speedy trial claim is premised entirely on violation of a State statute, rather than federal law.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). It is the obligation of federal courts to accept as valid a State court's interpretation of the statutes and rules of practice of its state. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accord, *Howard v. White*, 76 Fed.Appx. 52, 53, 2003 WL 22146139 (6th Cir. 2003).

An Ohio inmate may allege a denial of the right to a speedy trial *via* the Ohio Speedy Trial Act, Ohio Revised Code §2945.71.[2] A petitioner may also allege that because Ohio's speedy trial statute creates a liberty interest for a criminal defendant, the State court's failure to properly follow the terms of the State's statute violates federal rights to due process of law. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). A denial of speedy trial may also be alleged as a violation of federal constitutional law *via* the Sixth Amendment to the United States Constitution.[3] *Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998), *cert. denied*, 525 U.S. 935

---

[2] Ohio Revised Code § 2945.71(C)(2) requires that felony charges be brought to trial within two hundred seventy (270) days after a criminal defendant's arrest. The statute also provides that for purposes of computing the time for trial "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

[3] The Sixth Amendment guarantees a criminal defendant the right to a speedy trial, the violation of which can only be found upon determination of the length of the delay in bringing the

6

(1:09CV0387 )

(1998).

     When a petitioner in a federal habeas corpus proceeding asserts the denial of his right to a speedy trial as a violation of state law, the claim is not cognizable.  See Caddy v. Ohio, *3, 2010 WL 2640073 (S.D. Ohio 2010) (citing Pulley v. Harris, 465 U.S. 37, 41 (1984)); see also Norris, 146 F.3d at 328-29 (stating that it is inappropriate for a federal habeas court to set aside a State court's ruling on an issue of State law where the State courts on direct appeal have already found appellant's claim regarding a violation of a statutory right to a speedy trial to be meritless).

     In the present case, when arguing his denial of speedy trial right to the Ohio Eighth Appellate District and the Supreme Court of Ohio,[4] Hopkins quoted two sentences from State v. Ladd, 56 Ohio St.2d 197, 198-200 (1978), a case in which the Supreme Court of Ohio specifically stated that "the only issue presented on appeal here is whether the defendant is entitled to a discharge pursuant to R.C. 2945.71 through 2945.73, the Criminal Code's speedy trial provisions."  ECF No. 9-1, Ex. 8, 10.  Although the quoted sentences were those in which the Supreme Court of Ohio explained that a criminal defendant's right to a speedy trial derives from the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 10 of the Ohio Constitution, that court referred to the constitutional provisions in the

---

defendant to trial, the reasons for the delay, whether the defendant asserted the right, and the prejudice to the defendant by reason of the delay.  Doggett v. United States, 505 U.S. 647, 651 (1992); Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Robinson, 455 F.3d 602, 607 (6th Cir. 2006), cert. denied, 127 S. Ct. 1338 (2007); Maples v. Stegall, 427 F.3d 1020, 1025 (6th Cir. 2005); United States v. Schreane, 331 F.3d 548, 553 (6th Cir.), cert. denied, 124 S.Ct. 448 (2003).

[4] His argument in the memorandum in support of jurisdiction was identical to that presented to the lower appellate court.

(1:09CV0387 )

context of explaining the evolution of the State's statutory scheme and did not rely on federal constitutional law to resolve the speedy trial issue. *Id.* at 200-201.

After quoting from the *Ladd* case, Hopkins segued into the assertion that his constitutional right to a speedy trial was codified at Ohio Revised Code §2945.71, before applying the rules found within that statute for computation of time an accused is held in jail in lieu of bail. ECF No. 9-1, Ex. 8, 12. While there was tangential mention of the federal constitutional rights involved, Hopkins' argument was almost entirely premised upon the notion that the State court's ruling on his speedy trial issue was erroneous. ECF No. 9-1, Ex. 8, 12.

The Ohio Eighth District Court of Appeals relied entirely on Ohio law in analyzing Hopkins' speedy trial argument and ultimately overruling it by holding: "[I]n reviewing the facts and in calculating Hopkins' speedy trial time, we find that Hopkins was brought to trial within the statutorily prescribed speedy trial time." ECF No. 9-1, Ex. 10 at p. 9.

In these habeas corpus proceedings, Hopkins' argument mirrors that made to the State appellate court. ECF No. 12. For several pages, he once again argues that Ohio's law was not followed in computing the time he had been held in jail without bail prior to his trial. Not until the last two paragraphs, does Hopkins argue, albeit tangentially, that he was denied his "speedy trial rights under the Sixth and Fourteenth Amendments to the United States Constitution." ECF No. 12. Because this issue was presented to the State courts as a State law issue, was ruled upon by the State courts as an issue of State law, and has been argued in these proceedings as a matter of State law, it is not cognizable in a federal habeas corpus proceeding. *See Caddy v. Ohio*, 2010 WL 2640073 (S.D. Ohio 2010) (finding that to the extent that petitioner's argument that he was

8

(1:09CV0387 )

deprived a speedy trial is based upon State law, the petitioner has failed to state a claim upon which federal habeas corpus relief will be granted). As a consequence, Hopkins' first ground for relief should be denied.[5]

To the extent that Hopkins alleges that he was deprived of his constitutional right to a speedy trial, Respondent is correct in arguing that such a claim would be procedurally defaulted. ECF No. 9 at 7. The record reflects that Hopkins did not fairly present his claims to the State court in order to preserve federal habeas review. ECF No. 9-1 at 32. General allegations of constitutional deprivation do not fairly present claims that specific constitutional rights have been violated. *See Blackmon v. Booker*, 394 F.3d 399, 400-01 (6th Cir. 2004). Although, in an assignment of error presented to a State court, Hopkins mentioned that his constitutional right had been violated, he failed to cite federal case law identifying how the perceived error equated to a constitutional violation, nor did he indicate how his case mirrored cases wherein such constitutional violations have been found. *Id.* (finding that a petitioner's failure to cite to federal case law or indicate how his case mirrored similar cases wherein the same federal constitutional

---

[5] The Court is aware that federal habeas review of this issue would not be precluded if the "State court's error in interpreting or applying its own law has rendered the trial that convicted the appellant so fundamentally unfair as to have deprived appellant of the substantive due process in violation of the U.S. Constitution." *Norris*, 146 F.3d at 329. The record, however, does not present a circumstance "where[in] the innocence of the accused is manifest." *Id*. Nor is Hopkins attacking "the fairness of the trial itself.... [but rather] the fairness of [the petitioner's extended pretrial detention." *Id*. (citing *Hutchinson v. Marshall*, 744 F.2d 44, 46-47 (6th Cir. 1984) (holding that the fundamental fairness principle has only been applied to pretrial proceedings where there is some effect on the fairness of the trial itself).

9

(1:09CV0387 )

violation was found demonstrated that he did not fairly present his claims to State court); ECF No. 9-1 at 32-33. Instead, the record reveals that Hopkins' argument presented to the State court was based entirely on State law. ECF No. 9-1 at 32-33. Because the State court was not afforded an opportunity to consider and correct the perceived constitutional error before such claim was brought before the federal court, and Hopkins is now barred from fairly presenting the claim to the State court, the Court finds his claims procedurally defaulted. *See Blackmon*, 394 F.3d at 401. In the absence of a showing of either cause or prejudice to excuse Hopkins' procedural default, or that a failure to consider his claim amounts to a fundamental miscarriage of justice, the Court concludes that the claim must be denied. *See Rust v. Zent*, 17 F.3d 155, 159-60 (6th Cir. 1994) ( holding that it is the petitioner's burden to demonstrate either: (a) "cause" excusing the non-compliance and "prejudice" resulting from the constitutional error; or (b) a finding that a failure to consider the claim will result in a fundamental miscarriage of justice in order to excuse a procedural default).

### D. Merits Review

In his second ground for relief, Hopkins asserts denial of the effective assistance of trial counsel by reason of counsel's failure to request that the trial court instruct the jury on the lesser included offense of aggravated assault.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to *any claim that was adjudicated on*

10

(1:09CV0387 )

> *the merits in State court proceedings* unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Emphasis added.)

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. *Williams v. Taylor*, 529 U.S. 420 (2000). A State court's adjudication is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A State court's adjudication results in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court," "if the [S]tate court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the [S]tate court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it

11

(1:09CV0387 )

should apply." 120 S.Ct. at 1519-20.   In deciphering the "unreasonable application" clause, this Court must inquire as to whether "the [S]tate court's application of clearly established federal law was objectively unreasonable." Id. at 1521  A State court's decision which results in an incorrect application of federal law will stand, if that decision is reasonable. Id; See also Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

     A petitioner claiming ineffective assistance of counsel must demonstrate: (1) that counsel's conduct was so far below acceptable standards of representation that counsel  was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution  and (2) that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984). Bigelow v. Williams, 367 F.3d 562, 570 (6th Cir. 2004); Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).  Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy. Strickland, 466 U.S. at 689.  In order to demonstrate prejudice, a petitioner is required to establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Scrutiny by a reviewing court of counsel's performance must be highly deferential, with the presumption applied that counsel rendered adequate assistance "and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689-690.  Accord Bigelow, 367 F.3d at 570; Mallett, 334 F.3d at 497; O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

(1:09CV0387 )

Under the AEDPA, a federal court must first determine whether the State court's application of the *Strickland* standard was objectively unreasonable.  *Alley v. Bell*, 307 F.3d 380, 400 (6th Cir. 2002) (quoting *Bell v. Cone*, 152 L.Ed.2d 914, 122 S.Ct. 1843, 1852 (2002)) ("under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the [S]tate-court decision applied *Strickland* incorrectly.  Rather, [petitioner] must show that the [State court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.").

In rejecting Hopkins' assertion that he had been denied the effective assistance of trial counsel by reason of counsel's failure to request a jury instruction on the lesser included offense of aggravated assault, the Ohio Eighth District Court of Appeals held, in pertinent part:

> In order to prevail on an ineffective assistance of counsel claim, Hopkins must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced defendant, depriving him of a fair trial.  *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052.
>
>> "Counsel's performance may be found to be deficient if counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'  To establish prejudice, 'the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'" *State v. Guyton*, Cuyahoga App. No. 88423, 2007-Ohio-2513.  (Internal citations omitted.)
>
> However, we must give a strong presumption in favor of counsel's effective representation; specifically, whether or not counsel's representation "falls within the wide range of reasonable professional assistance." *Strickland* at paragraph 2(a) of syllabus.

13

(1:09CV0387 )

> However, "[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." *State v. Griffie* (1996), 74 Ohio St.3d 332.  Therefore, trial counsel's decision not to request a jury instruction on aggravated assault was merely trial strategy and does not constitute ineffective assistance of counsel.
>
> Furthermore, Hopkins fails to demonstrate that trial counsel's failure to request the instruction prejudiced him and deprived him of a fair trial.
>
> Hopkins' second assignment of error is overruled.

ECF No. 9-1, Ex. 10.

The State appellate court's conclusion that trial counsel's failure to request a jury instruction on the lesser offense of aggravated assault did not rise to the level of ineffective assistance of counsel was consistent with the defense theory of the case--that Hopkins and the victim struggled when he tried to grab his crack pipe from her pocket, and that during the struggle the victim accidentally stabbed herself with the knife she had been holding in her hand. ECF No. 9-2, Transcript, Vol. II, pp. 308, 322-324, 379.  Commensurate with this theory of defense, Hopkins denied having beaten the victim, postulating instead that she had been beaten by others when she tried to trade sex for drugs.  ECF No. 9-2, Transcript, Vol. II, pp. 358-361. He emphasized that he did not intentionally inflict harm upon the victim.  ECF No. 9-2, Transcript, Vol. II, pp. 322, 327.

Given that the defense theory was that the victim's stabbing was accidental, *i.e.*, Hopkins had no intention of inflicting harm upon the victim, it would have been inconsistent with that theory for counsel to have requested a jury instruction on the lesser offense of aggravated assault, which Ohio Revised Code §2903.12 defines, in pertinent part, as follows:

14

(1:09CV0387 )

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> > (1) Cause serious physical harm to another...;
> >
> > (2) Cause or attempt to cause physical harm to another...by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

The defense theory that the stabbing had been accidental is clearly inconsistent with the elements of §2903.12, in that the statutory language requires that one have acted "knowingly" in causing serious physical harm to another, while being influenced by sudden passion or a sudden fit of rage. The State court's decision that trial counsel's failure to request a jury instruction on aggravated assault was a matter of trial strategy which did not rise to the level of ineffective assistance of counsel, was not an objectively unreasonable application of *Strickland* to the facts of Hopkins' case.

This finding parallels the Sixth Circuit's holding in *Johnson v. Morris*, 848 F.2d 191 (6th Cir. 1988). In Johnson, a habeas petitioner raised an ineffective assistance of counsel claim due to his counsel's failure to request a jury instruction on the lesser offense of aggravated assault. In denying relief on that claim, the Sixth Circuit held that it was a matter of trial strategy for counsel not to request the instruction, considering that the defense theory of the case was that the gun accidentally discharged during a physical struggle, vitiating criminal intent. The court applied the *Strickland* factors, and concluded that "disagreement with trial tactics and/or strategy does not support a claim of ineffective assistance of counsel." *Id*. at *1.

(1:09CV0387 )

In light of all the foregoing, the undersigned concludes that Hopkins has not presented an alleged constitutional violation requiring further proceedings prior to disposition on the merits.

### E. Evidentiary Hearing

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in State court proceedings. 28 U.S.C. § 2254(e)(2).

Because Hopkins' Grounds for Relief involve legal issues that can be resolved without additional factual inquiry, there is no need for an evidentiary hearing in the instant case.

### IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned Magistrate Judge recommends denying the grounds for relief and dismissing Willie Hopkins' petition for a writ of habeas corpus in its entirety without further proceedings and with prejudice. The undersigned also finds that an evidentiary hearing would be unnecessary.

| December 14, 2010 | s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States Magistrate Judge |

### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).